IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AARON TYLER VANCE and NICOLE VANCE, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No.: 5:23-cv-00260-SLP<br>) |
| STATE FARM FIRE AND CASUALTY COMPANY and BLAKE NIGHTINGALE, | )<br>)<br>)<br>) |
| Defendants. | ) |

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
ANSWER TO PLAINTIFFS' PETITION**

Defendant State Farm Fire and Casualty Company ("State Farm"), through its undersigned counsel, hereby files its answer and defenses to Plaintiffs' Petition (the "Petition"). State Farm denies each and every allegation of the Petition unless hereinafter specifically admitted.

**JURISDICTION AND VENUE**

1. State Farm is without sufficient information to either admit or deny whether Plaintiffs Aaron Tyler and Nicole Vance are residents and citizens of Wagoner County, State of Oklahoma. Their house insured with State Farm is located in Oklahoma County. Therefore, the allegations in paragraph 1 of Plaintiffs' Petition are denied.

2. Admitted.

3. Admitted.

4. State Farm admits that it issued State Farm homeowners Policy No. 36-B3-L467-0 ("Policy") to Plaintiffs. Coverage is as stated in the Policy, which speaks for itself.

5. Denied.

6. The allegations regarding venue in paragraph 6 of Plaintiffs' Petition are legal conclusions to which no response is required. To the extent an answer is required, State Farm states that this Court is the proper venue for this action, as Plaintiffs filed the case in the District Court of Oklahoma County, State of Oklahoma, which lies in the Western District.

## FACTUAL BACKGROUND

7. Denied.

8. Denied.

9. Denied.

10. The allegations of paragraph 10 of Plaintiffs' Petition suppose the truth of the allegations in paragraph 8 of the Petition which State Farm has denied. Thus, State Farm denies the underwriting obligations presumed in paragraph 10, and the presumptions that statements relating thereto were made or were required. State Farm denies that either it or Blake Nightingale made any representations to Plaintiffs regarding the condition of their roof. State Farm admits that the Policy issued to Plaintiffs, which speaks for itself, was a replacement cost policy, as it permitted Plaintiffs to recover the full replacement cost of the damaged property provided it was repaired or replaced. All remaining allegations in paragraph 10 of the Petition are denied.

11. State Farm admits that it issued Policy No. 36-B3-L467-0 to Plaintiffs. Coverage is as stated in the Policy, which speaks for itself. State Farm denies all remaining allegations in paragraph 11 of Plaintiffs' Petition.

12. State Farm denies all allegations in paragraph 12 of Plaintiffs' Petition, including any allegation that State Farm's "valuation software" is "[un]reliable and [in]accurate."

13. State Farm is currently without sufficient information to either admit or deny what was told to Plaintiffs by Blake Nightingale or whether Plaintiffs relied upon any alleged representations by either Nightingale or State Farm, but states that Nightingale was not Plaintiffs' agent when they procured the Policy. State Farm has a published Commitment to its Policyholders in which it describes its claim handling philosophy, which document speaks for itself. State Farm denies any allegation that it failed to conduct itself in accordance with Oklahoma law or failed to fully and fairly investigate and pay claims. Any remaining allegations in paragraph 13 of Plaintiffs' Petition are also denied.

14. State Farm admits that on or around October 25, 2021, Plaintiffs reported to State Farm that their house had been damaged by wind and hail and October 14, 2021 was identified as the date of loss. State Farm denies all remaining allegations in paragraph 14 of Plaintiffs' Petition.

15. State Farm admits that an inspector from Hancock Claims Consultants, LLC inspected Plaintiffs' property on or around November 5, 2021, and found hail damage to soft metal vents and rain caps on Plaintiffs' roof, but he did not find hail damage to the shingles. State Farm further admits that the amount of damage to Plaintiffs' house did not

3

exceed Plaintiffs' deductible so no amount was paid to Plaintiffs. State Farm denies all remaining allegations in paragraph 15 of Plaintiffs' Petition.

16. State Farm admits that its adjusters spoke to Mr. Vance about the alleged damage. State Farm denies all remaining allegations in paragraph 16 of Plaintiffs' Petition.

17. State Farm admits that it granted Plaintiffs' request for a second inspection in 2022, which was conducted by a State Farm adjuster who found the shingles on Plaintiffs' roof were not damaged by hail. State Farm denies all remaining allegations in paragraph 17 of Plaintiffs' Petition.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

## COUNT I
## BREACH OF CONTRACT

State Farm incorporates by reference its answers provided to paragraphs 1–23 as though fully stated herein.

24. State Farm admits that Plaintiffs' house was insured under the Policy, which was in force on the assumed date of loss. Coverage is as stated in the Policy. Paragraph 24 is otherwise vague and ambiguous as to what is meant by "all material times hereto." Any remaining allegations in paragraph 24 of Plaintiffs' Petition are denied.

25. State Farm admits that Plaintiffs provided notice of their claim. All remaining allegations in paragraph 25 of the Petition are denied.

26. Coverage is as stated in Plaintiffs' Policy. State Farm denies any allegations inconsistent with the Policy and denies the remaining allegations in paragraph 26 of Plaintiffs' Petition.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## COUNT II
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

State Farm incorporates by reference its answers provided to paragraphs 1–30 as though fully stated herein.

31. State Farm denies all allegations in paragraph 31 of Plaintiffs' Petition, including subparts a-r(i)-(xii).

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## COUNT III
## NEGLIGENT PROCUREMENT OF INSURANCE

State Farm incorporates by reference its answers provided to paragraphs 1–37 as though fully stated herein.

38. The allegations in paragraph 38 of Plaintiffs' Petition are directed to a claim against Defendant Blake Nightingale, who has been fraudulently joined in this lawsuit. No answer by State Farm is required.

39. The allegations in paragraph 39 of Plaintiffs' Petition are directed to a claim against Defendant Blake Nightingale, who has been fraudulently joined in this lawsuit. No answer by State Farm is required.

40. The allegations in paragraph 40 of Plaintiffs' Petition are directed to a claim against Defendant Blake Nightingale, who has been fraudulently joined in this lawsuit. No answer by State Farm is required.

41. The allegations in paragraph 41 of Plaintiffs' Petition are directed to a claim against Defendant Blake Nightingale, who has been fraudulently joined in this lawsuit. No answer by State Farm is required.

42. The allegations in paragraph 42 of Plaintiffs' Petition are directed to a claim against Defendant Blake Nightingale, who has been fraudulently joined in this lawsuit. No answer by State Farm is required.

43. The allegations in paragraph 43 of Plaintiffs' Petition are directed to a claim against Defendant Blake Nightingale, who has been fraudulently joined in this lawsuit. No answer by State Farm is required.

44. The allegations in paragraph 44 of Plaintiffs' Petition are directed to a claim against Defendant Blake Nightingale, who has been fraudulently joined in this lawsuit. No answer by State Farm is required.

45. The allegations in paragraph 45 of Plaintiffs' Petition are directed to a claim against Defendant Blake Nightingale, who has been fraudulently joined in this lawsuit. No answer by State Farm is required.

46. The allegations in paragraph 46 of Plaintiffs' Petition are directed to a claim against Defendant Blake Nightingale, who has been fraudulently joined in this lawsuit. No answer by State Farm is required.

47. The allegations in paragraph 47 and subparts a-i of Plaintiffs' Petition are directed to a claim against Defendant Blake Nightingale, who has been fraudulently joined in this lawsuit. No answer by State Farm is required.

48. The allegations in paragraph 48 of Plaintiffs' Petition are directed to a claim against Defendant Blake Nightingale, who has been fraudulently joined in this lawsuit. No answer by State Farm is required.

49. The allegations in paragraph 49 of Plaintiffs' Petition are directed to a claim against Defendant Blake Nightingale, who has been fraudulently joined in this lawsuit. No answer by State Farm is required.

50. The allegations in paragraph 50 of Plaintiffs' Petition are directed to a claim against Defendant Blake Nightingale, who has been fraudulently joined in this lawsuit. No answer by State Farm is required.

51. The allegations in paragraph 51 of Plaintiffs' Petition are directed to a claim against Defendant Blake Nightingale, who has been fraudulently joined in this lawsuit. No answer by State Farm is required.

52. The allegations in paragraph 52 of Plaintiffs' Petition are directed to a claim against Defendant Blake Nightingale, who has been fraudulently joined in this lawsuit. No answer by State Farm is required.

## COUNT IV
## CONSTRUCTIVE FRAUD AND NEGLIGENT MISREPRESENTATION

State Farm incorporates by reference its answers provided to paragraphs 1–52 as though fully stated herein.

53. The allegations in paragraph 53 of Plaintiffs' Petition are directed to a claim against Defendant Blake Nightingale, who has been fraudulently joined in this lawsuit. No answer by State Farm is required.

54. The allegations in paragraph 54 of Plaintiffs' Petition are directed to a claim against Defendant Blake Nightingale, who has been fraudulently joined in this lawsuit. No answer by State Farm is required.

55. The allegations in paragraph 55 and subparts a-j of Plaintiffs' Petition are directed to a claim Defendant Blake Nightingale, who has been fraudulently joined in this lawsuit. No answer by State Farm is required.

56. The allegations in paragraph 56 of Plaintiffs' Petition are directed to a claim against Defendant Blake Nightingale, who has been fraudulently joined in this lawsuit. No answer by State Farm is required.

57. The allegations in paragraph 57 of Plaintiffs' Petition are directed to a claim against Defendant Blake Nightingale, who has been fraudulently joined in this lawsuit. No answer by State Farm is required.

58. The allegations in paragraph 58 of Plaintiffs' Petition are directed to a claim against Defendant Blake Nightingale, who has been fraudulently joined in this lawsuit. No answer by State Farm is required.

59. The allegations in paragraph 59 of Plaintiffs' Petition are directed to a claim against Defendant Blake Nightingale, who has been fraudulently joined in this lawsuit. No answer by State Farm is required.

60. The allegations in paragraph 60 of Plaintiffs' Petition are directed to a claim against Defendant Blake Nightingale, who has been fraudulently joined in this lawsuit. No answer by State Farm is required.

61. The allegations in paragraph 61 of Plaintiffs' Petition are directed to a claim against Defendant Blake Nightingale, who has been fraudulently joined in this lawsuit. No answer by State Farm is required.

62. The allegations in paragraph 62 of Plaintiffs' Petition are directed to a claim against Defendant Blake Nightingale, who has been fraudulently joined in this lawsuit. No answer by State Farm is required.

## PRAYER FOR RELIEF

State Farm denies that Plaintiffs are entitled to any of the relief requested in their prayer for relief. Instead, State Farm asserts that judgment should be entered in this action

in favor of State Farm and against Plaintiffs and that State Farm should be awarded its attorneys' fees, costs, and all other relief to which this Court determines it to be entitled.

## **DEFENSES**

State Farm asserts the following defenses, and reasserts its answers to each and every paragraph of the Petition, as set forth above, incorporating them by reference herein. By pleading these defenses, State Farm does not concede that it has the burden of proof or persuasion on any of these issues, such determination to be made by applicable law. State Farm reserves the right to amend its answer to assert additional defenses if appropriate in light of information disclosed during discovery.

1. Plaintiffs have failed to state a claim upon which relief may be granted. Plaintiffs' counsel's use of nearly identical form Petitions in numerous cases against State Farm without consideration of how the facts of that case impact the form allegations alone demonstrates the failure to state a genuine claim.

2. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, laches, and/or estoppel.

3. State Farm has not breached any contract with Plaintiffs but has fully complied with the terms of the insurance agreement between the parties. Benefits are not owed because there was no accidental direct physical loss to the shingles on Plaintiffs' roof and Plaintiffs have been paid all amounts owed under the Policy.

4. State Farm has dealt reasonably, fairly, and in good faith with Plaintiffs.

5.     State Farm has acted reasonably and in good faith in its handling, investigation, and decision on Plaintiffs' claim. At a minimum, a legitimate dispute exists as to coverage and/or the amount owed for any damage covered by the Policy.

6.     Plaintiffs have breached their contractual obligations to State Farm including their duty to cooperate.

7.     Plaintiffs' claims against State Farm are barred by limitations, in particular, the provision in the Policy that provides that any action by any party must be started within one year after the date of loss or damage.

8.     Plaintiffs have not suffered damages as a result of any conduct by State Farm.

9.     Any damages suffered by Plaintiffs were not proximately caused by any act or omission of State Farm or breach of any legal duty by State Farm.

10.    Plaintiffs have failed to mitigate their damages.

11.    Plaintiffs are not entitled to prejudgment interest.

12.    Plaintiffs are not entitled to attorneys' fees and/or costs.

13.    State Farm did not engage in any activity that would entitle Plaintiffs to punitive damages. An award of punitive damages under the facts and circumstances alleged would deny State Farm its rights and violate the Constitutions of the State of Oklahoma and the United States of America, and such an award would be a penalty in violation of the laws of the State of Oklahoma and the United States of America. Further, to the extent Plaintiffs attempt to recover punitive damages under 23 O.S. § 9.1, such statute is unconstitutional under the Due Process Clause of the United States Constitution and the decisions of the United States Supreme Court.

WHEREFORE, Defendant State Farm Fire and Casualty Company prays that Plaintiffs recover nothing by way of their Petition, that judgment be entered in favor of State Farm and against Plaintiffs, and that State Farm be awarded its costs, attorneys' fees, and such other and further relief as appropriate under the law and the discretion of this Court.

Respectfully submitted,

/s/ Timila S. Rother
Timila S. Rother, OBA #14310
Paige A. Masters, OBA #31142
**CROWE & DUNLEVY**
A Professional Corporation
Braniff Building
324 N. Robinson Ave.
Suite 100
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
timila.rother@crowedunlevy.com
paige.masters@crowedunlevy.com

**ATTORNEYS FOR DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 24th day of March, 2023, I electronically transmitted the foregoing document to the Court Clerk using the ECF system of filing, which will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| **Jeff D. Marr** | jeffdmarr@marrlaw.com |
| **Carole Dulisse** | cdulisse@marrlawfirm.com |
| **George Gibbs** | ggibbs@gablawyers.com |
| **Reggie N. Whitten** | rwhitten@whittenburragelaw.com |
| **Michael Burrage** | mburrage@whittenburragelaw.com |
| **J. Revell Parrish** | rparrish@whittenburragelaw.com |

          /s/ Timila S. Rother
           Timila S. Rother